IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
DONNA LOHR,                    )
                               )
          Plaintiff,           )
                               )
    v.                         )      1:12CV718
                               )
UNITEDHEALTH GROUP             )
INCORPORATED,                  )
                               )
          Defendant.           )
```

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court for disposition of (1) the Joint Motion for Entry of Stipulated Protective Order and Prospective Sealing Order Addressing Confidential Information (Docket Entry 21); (2) the Consent Motion for Entry of HIPAA-Compliant Protective Order (Docket Entry 22); and (3) the Joint Motion to Seal Administrative Record (Docket Entry 23). For the reasons that follow, the instant Motions will be denied but without prejudice to the filing of new motions with revised proposals and/or motions to reconsider that show the propriety of the prior proposals.

<u>Joint Motion for Entry of Stipulated Protective Order and
Prospective Sealing Order Addressing Confidential Information</u>

The instant action arises in part under the Employee Retirement Income Security Act ("ERISA"). (<u>See</u> Docket Entry 2, ¶¶ 3-12.) In order "to protect certain confidential information" (Docket Entry 21), the Parties move the Court to enter the proposed Stipulated Protective Order attached as Exhibit 1 to the instant Joint Motion (Docket Entry 21-1). Paragraph 8(a) of that Proposed

Protective Order contemplates the prospective filing under seal of the ERISA Administrative Record without regard to whether the Parties seek to file that Administrative Record in connection with a dispositive or non-dispositive motion. (See id. at 9 (¶ 8(a)).) In support, the Parties contend:

> Such records necessarily contain highly sensitive personal, financial, and medical information of private citizens which, in other contexts, would be subject to redaction. For example, ERISA administrative records include protected health information, Social Security numbers, home addresses, personal telephone numbers, account numbers, and other private information that has the potential to be exploited unlawfully. Redaction of all such information from ERISA administrative records is impractical and renders the record unuseable for purposes of judicial review. *See Sullivan v. Prudential Ins. Co. of Am.*, No. 2:12-CV-01173, 2012 WL 3763904, [at] *1 (N.D. Cal. Aug. 29, 2012) [(unpublished)] (holding that parties' joint representations that redacting all of the personal identifying information contained in ERISA administrative record would be unduly burdensome were sufficient to justify granting parties' request to file administrative record under seal); *see also, Administrative Procedures Governing Filing and Service by Electronic Means, United States District Court for the Western District of North Carolina,* § VI (Jan. 1, 2012) (requiring that ERISA administrative records be filed such that access is restricted to the parties of record, their counsel, authorized employees of party counsel, and employees of the United States courts).

(Id. at 6 n.2.)

Because the proposed Protective Order appears to contemplate sealing even if the Administrative Record is filed in connection with a dispositive motion, the Parties' showing of the propriety of such action must meet the more rigorous First Amendment standard for sealing. See Rushford v. The New Yorker Magazine, Inc., 846 F.2d 249, 252-53 (4th Cir. 1988) ("Once the documents are made part of a dispositive motion, such as a summary judgment motion, they

-2-

lose their status of being raw fruits of discovery. . . . We believe that the more rigorous First Amendment standard should also apply to documents filed in connection with a summary judgment motion in a civil case." (internal quotation marks omitted)). Under this standard, the Parties offer insufficient justification to warrant the inclusion of their prospective sealing provision.

In this regard, the Parties argue, in conclusory fashion, that the burden of redacting the Administrative Record warrants sealing (see Docket Entry 21-1 at 6 n.2); such concerns, however, provide an insufficient basis to overcome the First Amendment right of access, see Nash v. Life Ins. Co. of N. Am., No. 08cv893 WQH9(RBB), 2010 WL 2044935, at *1 (S.D. Cal. May 18, 2010) (unpublished) ("The parties' motion is solely based on the difficulty of redacting 4,500 pages of documents, a task which they contend is 'impracticable.' The work of redacting these documents is not a 'compelling reason' to override the public's right of access to court records. While it may be burdensome for the parties to comply with Federal Rule of Civil Procedure 5.2, the Court finds that any burden to the parties does not overcome the strong presumption in favor of access to court records." (internal quotation marks omitted)). Moreover, the Parties cite the Court's inability to use a redacted version of the Administrative Record without consideration of the possibility that the Parties would file a redacted version for public access but that the Court would maintain an unredacted version under seal, see, e.g., Proctor v. United States, No. 5:11-CV-27-BR, 2011 WL 3626688, at *5 (E.D.N.C.

-3-

Case 1:12-cv-00718-NCT-LPA Document 29 Filed 08/21/13 Page 3 of 13

Aug. 17, 2011) (unpublished) ("Because redacted versions of the documents have been filed, the court finds it appropriate to seal the unredacted documents."). In addition, the sole case law authority that the Parties cite in support of their prospective sealing provision explicitly applies the more lenient good cause standard of Federal Rule of Civil Procedure 26(c) (see Docket Entry 21-1 at 6 n.2 (citing Sullivan)), which does not apply to filings made in connection with dispositive motions, see Sullivan, 2012 WL 3763904, at *1 ("Although the parties do not address what legal standard governs the motion, Rule 26(c)'s 'good cause' standard appears to apply since no dispositive motion is now at issue. . . . The parties' joint representations that the Administrative Record 'is replete' with personal, identifying information in violation of Rule 5.2(a), and that redacting such information would be too burdensome, is considered sufficient to justify granting the parties' request under the good cause standard at this stage of the proceeding . . . ." (emphasis added)); see also Rushford, 846 F.2d at 253 ("[T]he more rigorous First Amendment standard should also apply to documents filed in connection with a summary judgment motion in a civil case.").

With these concerns in mind, the Court notes that, subsequent to the filing of the instant Joint Motion, the Parties filed their Joint Motion to Seal Administrative Record (Docket Entry 23) which seeks to file the Administrative Record under seal in connection with Defendant's Motion for Judgment on the Administrative Record (Docket Entry 27). That filing effectively moots any need for a

prospective sealing provision in a protective order. Under these circumstances, the Court will deny the Parties' proposed Protective Order in its current form, but will allow the Parties to file a new Joint Motion along with a proposed protective order that omits the provision regarding sealing of the Administrative Record.

### Joint Motion to Seal Administrative Record

The Parties contend that the instant Joint Motion to Seal "should be granted to prevent public disclosure of personal data identifiers and other confidential or private information contained in the Administrative Record." (Docket Entry 23 at 1.) According to the Parties, "[t]he voluminous Administrative Record . . . contains numerous personal data identifiers as well as medical records of [Plaintiff], her employment history information, her individual financial information, and/or other proprietary or trade secret information." (Docket Entry 24 at 2.) Moreover, the Parties argue that, "[a]long with Plaintiff's social security number and birth date, her home address, personal telephone number, and other information with potential to be exploited unlawfully are contained in the extensive Administrative Record," but such information is "essential to this Court's review of the instant ERISA case . . . and cannot be feasibly redacted from the Administrative Record [because] [r]edacting all of the personal identifiers and other confidential and private information from the voluminous Administrative Record would hinder this Court's review of this ERISA action and would be unduly burdensome to Defendant." (Id. at 2-3.) For these reasons, the Parties conclude that "[t]he

requisite good cause exists for the Court to seal the Administrative Record in this ERISA case, and the interests of justice dictate that the Court should exercise its discretion to seal the Administrative Record." (Id. at 3 (emphasis added).)

These contentions raise many of the same concerns as did the Parties' prospective sealing provision. As an initial matter, because the Parties now explicitly seek to file the Administrative Record under seal in connection with a dispositive motion, meeting the more lenient "good cause" standard will not suffice. See Rushford, 846 F.2d at 253. Moreover, as noted, the burden of redacting the "voluminous" Administrative Record, standing alone, provides an insufficient basis to overcome the applicable First Amendment right of access. See Nash, 2010 WL 2044935, at *1. In addition, the Parties' suggestion that a redacted version of the Administrative Record would afford no value to the Court also falls short because the public filing of a redacted version of the Administrative Record would not preclude their provision of an unredacted version to the Court for maintenance under seal. See, e.g., Jinan Yipin Corp., Ltd. v. United States, 800 F. Supp. 2d 1226, 1235 n.8 (Ct. Int'l Trade 2011) ("Because confidential information is included in the administrative records, there are two version of each: a public version and a confidential version. The public versions of the administrative records consist of copies of all documents in the record, with confidential information redacted. The confidential versions consist of complete, unredacted copies of only those documents that include confidential

information."); Proctor, 2011 WL 3626688, at *5 ("Because redacted versions of the documents have been filed, the court finds it appropriate to seal the unredacted documents."); Simone Enters., LLC v. United States Dep't of Agric., No. 11-CV-301, 2011 WL 3236222, at *4 n.2 (E.D. Wis. July 27, 2011) (unpublished) ("The respondents submitted both a sealed, unredacted version and an unsealed, redacted version of the record."); Poett v. United States, 657 F. Supp. 2d 230, 234 n.2 (D.D.C. 2009) ("Defendants have filed two versions of the Administrative Record in this case. The first is an unredacted version that is filed under seal to protect personal identifying information located therein. The second is a redacted version that is available on the public docket." (internal citation omitted)).

In addition, the Parties have failed to adequately identify what "proprietary or trade secret information" might appear in an ERISA Administrative Record. (See Docket Entry 24 at 2-3.) Moreover, the Parties have not shown that all of Plaintiff's medical records merit sealing, in light of substantial authority recognizing that "'[c]ases challenging a denial of ERISA health benefits routinely involve disclosure of mental and physical illnesses,'" Stanford v. Continental Cas. Co., 455 F. Supp. 2d 438, 446 (E.D.N.C. 2006) (quoting MacInnis v. Cigna Grp. Ins. Co. of Am., 379 F. Supp. 2d 89, 90 (D. Mass. 2005)) (concluding plaintiff did "not overcome the constitutional preference for openness in judicial proceedings" with respect to motion to seal administrative record (internal quotation marks omitted)). Nor have the Parties

-7-

shown why disclosure of Plaintiff's employment history would cause any harm to her. (See Docket Entry 24.)

Accordingly, because the Parties cite an incorrect legal standard, fail to "present specific reasons in support of [their] position," Virginia Dep't of State Police v. Washington Post, 386 F.3d 567, 575 (4th Cir. 2004), and seek to avoid less restrictive means, such as redaction, with unavailing arguments, the Court will deny the instant Joint Motion to Seal. See Press-Enterprise Co. v. Superior Court, 478 U.S. 1, 15 (1986) ("The First Amendment right of access cannot be overcome by [] conclusory assertion[s]."). The Parties must file a new Motion to Seal with a supporting brief that appropriately addresses the Fourth Circuit's sealing regimen for documents filed in connection with dispositive motions, along with a properly redacted version of the Administrative Record (unless they can show valid grounds why redaction should not occur).

Consent Motion for Entry of HIPAA-Compliant Protective Order

Finally, the Parties move the Court to enter a "HIPAA-Compliant Protective Order" because "[t]he [P]arties wish to engage in discovery that requires the [P]arties and third parties to produce documents that will contain Protected Health Information that is protected by HIPAA" and "[a] protective order is necessary to permit the [P]arties to conduct this discovery." (Docket Entry 22 at 1.) The proposed "HIPAA-Compliant Protective Order" purports to "authorize[] any third-party who is provided with a subpoena requesting the production of documents or commanding attendance at deposition or trial to disclose the Protected Health Information in

-8-

response to such request or subpoena." (Docket Entry 22-1 at 2-3.) It further represents that it "is intended to authorize such disclosures under the privacy regulations issued pursuant to HIPAA. *See* 45 C.F.R. § 164.512(e)(1)(i)." (Id. at 3.)

The proposed "HIPAA-Compliant Protective Order," to the extent it contains language authorizing third-parties to disclose discoverable information under 45 C.F.R. § 164.512(e)(1)(i), is unnecessary. Although subparagraph (i) of this regulation allows a covered entity to disclose protected health information "[i]n response to an order of a court or administrative tribunal," subparagraph (ii) of the regulation allows such disclosure

> [i]n response to a subpoena, discovery request, or other lawful process, <u>that is not accompanied by an order of a court</u> . . ., if:
>
> . . . .
>
> (B) The covered entity received satisfactory assurance, as described in paragraph (e)(1)(iv) of this section, from the party seeking the information that reasonable efforts have been made by such party to secure a qualified protective order that meets the requirements of paragraph (e)(1)(v).

45 C.F.R. § 164.512(e)(1)(ii) (emphasis added).

In this regard, a qualified protective order is one that:

> (A) Prohibits the parties from using or disclosing the protected health information for any purpose other than the litigation or proceeding for which such information was requested; and
>
> (B) Requires the return to the covered entity or destruction of the protected health information (including all copies made) at the end of the litigation or proceeding.

45 C.F.R. § 164.512(e)(1)(v). To afford "satisfactory assurance" to the covered entity as referenced in 45 C.F.R. § 164.512(e)(1)(ii), the Parties need only provide a written statement and accompanying documentation demonstrating that they have either "agreed to a qualified protective order and have presented it to the court . . . with jurisdiction over the dispute," 45 C.F.R. § 164.512(e)(1)(iv)(A), or that "the party seeking the protective health information has requested a qualified protective order from such court," 45 C.F.R. § 164.512(e)(1)(iv)(B).

Moreover, to proceed under subparagraph (i) of the regulation with a Court order as the Parties appear to currently contemplate,[1] a covered entity responding to such an order would be permitted to disclose "only the protected health information expressly authorized by such order." 45 C.F.R. § 164.512(e)(1)(i). A fair reading of that language requires some specificity as to the requested information. However, the Parties' currently proposed "HIPAA-Compliant Protective Order" lacks any limitation in that it purports to reach "any and all information relating to the past, present, or future medical condition of any individual who is a party to this action . . ., as well as any and all information relating to the provision of health care to such individual and the

---

[1] The currently proposed "HIPAA-Compliant Protective Order" appears to represent an amalgamation of subparagraphs (i) and (ii). However, subparagraph (i) does not require a protective order and subparagraph (ii) does not contemplate a court order prospectively authorizing the release of discoverable information. See 45 C.F.R. § 164.512(e)(1)(i) and (ii).

-10-

payment for the provision of health care." (Docket Entry 22-1 at 2.)

In light of the language of 45 C.F.R. § 164.512(e)(1) as a whole, the Court deems the better approach for the Parties to seek a protective order which meets the definition of a qualified protective order under 45 C.F.R. § 164.512(e)(1)(v) and to pursue discovery under the provisions of 45 C.F.R. § 164.512(e)(1)(ii). Should the Parties then encounter any difficulty with the acquisition of necessary discovery, they may seek an order of this Court as contemplated under 45 C.F.R. § 164.512(e)(1)(i) for that specific, targeted information.[2]

## CONCLUSION

The Parties fail to offer sufficient justification for the prospective filing under seal of the Administrative Record as contemplated in Paragraph 8(a) of the proposed Stipulated Protective Order and their subsequently filed Joint Motion to Seal moots the need for any such provision. That Joint Motion to Seal, however, does not satisfy the applicable Fourth Circuit sealing

---

[2] The Court contemplates that a single protective order would suffice to protect the Parties' confidential information as exchanged throughout the course of this proceeding and to meet the definition of a qualified protective order under 45 C.F.R. § 164.512(e)(1)(v). However, should the Parties seek to re-submit their current proposed Protective Order (Docket Entry 21-1) (in a form that addresses the concerns raised by the Court regarding prospective sealing of the Administrative Record) to meet that goal, Paragraph 16, which allows for the attorney of record to retain a copy of any "designated Material," appears to conflict with 45 C.F.R. § 164.512(e)(1)(v)(B) to the extent "designated Material" includes protected health information obtained pursuant to 45 C.F.R. § 164.512(e)(1).

-11-

regimen. Finally, the Parties' proposed "HIPAA-Compliant Protective Order," as currently drafted, does not appear necessary or appropriate to achieve the Parties' discovery objectives.

**IT IS THEREFORE ORDERED** that (1) the Joint Motion for Entry of Stipulated Protective Order and Prospective Sealing Order Addressing Confidential Information (Docket Entry 21); (2) the Consent Motion for Entry of HIPAA-Compliant Protective Order (Docket Entry 22); and (3) the Joint Motion to Seal Administrative Record (Docket Entry 23) are **DENIED.**

**IT IS FURTHER ORDERED** that the Parties may file a new Joint Motion for Protective Order with an Amended Proposed Stipulated Protective Order that conforms with this Memorandum Opinion and Order or, alternatively, a motion for reconsideration asking the Court to enter the current proposed Stipulated Protective Order and Prospective Sealing Order Addressing Confidential Information (Docket Entry 21-1) and/or the current proposed HIPAA-Compliant Protective Order (Docket Entry 22-1) as drafted, with a supporting brief that demonstrates the propriety of those original proposals.

**IT IS FURTHER ORDERED** that, by September 11, 2013, the Parties shall file a new Joint Motion to Seal the Administrative Record and supporting brief which addresses the Fourth Circuit's sealing standard (and includes as an attachment a proposed, properly

-12-

Case 1:12-cv-00718-NCT-LPA   Document 29   Filed 08/21/13   Page 12 of 13

redacted version of the Administrative Record, unless the brief shows grounds that render redaction unnecessary).

                                     /s/ L. Patrick Auld
                                           **L. Patrick Auld**
                               **United States Magistrate Judge**

August 21, 2013